The majority decision is contrary to well-established principle and the opinion supporting it is against the overwhelming weight of authority. The ordinance involved is one dealing with the occupation of barbering, which is a lawful trade or business. The sole question presented by the demurrer is the validity of Section 10 of the ordinance, which makes it an offense to operate a barber shop at any time other than the precise portion of the day fixed in the ordinance. It seeks to impose a penal restriction not upon the number of hours per day one may engage in the employment or practice of barbering, but prescribes the precise hours during which such business may be conducted and makes it unlawful to operate or conduct or maintain any barber shop in the city at any time other than the particular periods designated.
If we look to the further provisions of the ordinance, we find no requirements as to sanitation and nothing therein making it in any sense a sanitary measure. If any purpose is indicated thereby other than to compel compliance with an arbitrarily prescribed uniform period of the day during which the occupation or practice or trade or business of barbering may be carried on in the city, it is the exaction of a fee for a license in addition to that now required by statute.
If, however, this ordinance may be regarded as a regulation of the hours of labor, it is unauthorized for *Page 306 
the reason that that power has been specifically conferred upon and limited to the law-making power of the state by the provisions of Section 34 of Article II of the state Constitution.
The concession in the majority opinion that "the word 'laws' does not embrace municipal ordinances and therefore this provision defines the legislative power of the General Assembly of Ohio only" is decisive of this case and requires the reversal of the judgment of the Court of Appeals.